UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DLP MASTER TRUST,

       Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA,

       Defendant.

Case No. 25-2144

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff DLP Master Trust ("Plaintiff"), by and through undersigned counsel, for its Complaint against Defendant Sun Life Assurance Company of Canada ("Sun Life" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this suit to require Sun Life to comply with the plain terms of its life insurance policies or hold Sun Life accountable for its brazen refusal to do so.

2. Plaintiff is the owner and beneficiary of a Sun Universal Protector Plus ("Protector Plus") policy (or "certificate") issued and administered by Sun Life (the "Policy"). A copy of the Policy is attached hereto as **Exhibit 1**.

3. Protector Plus policies, including the Policy, contain three death benefit options the policyowner can choose. The first option, "Death Benefit Option A," pays only the Specified Face Amount listed on the first page of the policy ($562,513 for the Policy). The second option, "Death Benefit Option B," pays the Specified Face Amount plus the Account Value. The third option, "Death Benefit Option C," pays the Specified Face Amount plus the sum of all premiums paid.

4. A valuable feature of the Policy is that the owner has the right to change the death

benefit option at any time and for any reason "after the first Certificate Year subject to [Sun Life's] administrative rules." Ex. 1 at 14.

5.  Plaintiff exercised its right to change the death benefit option for the Policy in accordance with the Policy's terms. Specifically, on March 5, 2024, Plaintiff, through its servicer, MLF LexServ ("LexServ"), called Sun Life to request Sun Life change the death benefit option for the Policy to Death Benefit Option C. Sun Life told Plaintiff it could not make the change because, according to Sun Life, Death Benefit Option C is no longer available for the Policy.

6.  On February 5, 2025, Plaintiff, through LexServ, followed up in writing with Sun Life on Plaintiff's request to change the death benefit option for the Policy to Death Benefit Option C. Plaintiff's February 5, 2025 letter and policy change request form is attached hereto as **Exhibit 2**. Sun Life responded in writing on February 26, 2025, stating: "This policy does not have a Death Benefit Option C." Sun Life's February 26, 2025 letter is attached hereto as **Exhibit 3**. That is false—the Policy does have a Death Benefit Option C—and Plaintiff responded to Sun Life accordingly. Sun Life responded in writing on March 25, 2025, acknowledged its prior statement was false, and further stated: "'Our administrative rules provide that Death Benefit Option C can only be chosen at issue.' We are therefore unable to allow your request for this change." Sun Life's March 25, 2025 letter is attached hereto as **Exhibit 4**.

7.  Sun Life's position directly conflicts with the plain and unambiguous language of the Policy. The Policy expressly permits policyholders to change the death benefit option after issuance (i.e., "after the first Certificate Year"), and the Policy does not say anything different about Death Benefit Option C. Moreover, Plaintiff is informed and believes, and on that basis alleges, that, in light of the plain language of the Policy, Sun Life's "administrative rules" did not, at the time Sun Life issued the Policy, prohibit policyholders from exercising the right to change

the death benefit option to Death Benefit Option C after issuance.  Regardless, Sun Life cannot use its "administrative rules" to deprive policyholders of their express right to change their policies' death benefit option to Death Benefit Option C "after the first Certificate Year."

8. Sun Life's refusal to change the Policy's death benefit option to Death Benefit Option C is unlawful and breaches the Policy's terms.

## PARTIES

9. Plaintiff DLP Master Trust is a Delaware statutory trust.  The trustee of DLP Master Trust is Wells Fargo Bank, National Association ("Wells Fargo"), a national banking association with its main office located in Sioux Falls, South Dakota.  The Delaware trustee of DLP Master Trust is Wells Fargo Delaware Trust Company, National Association ("Wells Fargo Delaware Trust Company"), a national banking association with its main office located in Wilmington, Delaware.  The certificate holder of DLP Master Trust is EAA DLP I LLP.  EAA DLP I LLP is a Delaware limited liability partnership.  The partners of EAA DLP I LLP are Erste EAA Anstalt öffentlichen Rechts & Co. KG ("EAA Anstalt") and LS EAA Holdings, LLC.  LS EAA Holdings, LLC is a Delaware limited liability company whose sole member is EAA Anstalt.  EAA Anstalt is analogous to a limited partnership under the laws of Germany whose members are Erste Abwicklungsanstalt Anstalt des öffentlichen Rechts ("EAA") as general partner and Sechste EAA-Beteiligungs GmbH as a limited partner.  Sechste EAA-Beteiligungs GmbH is a wholly-owned subsidiary of EAA.  EAA is a public agency and is regarded as a juridical person under the laws of Germany.

10. On information and belief, Defendant Sun Life is a company organized and existing under the laws of Canada with its principal place of business in Wellesley Hills, Massachusetts.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) and (3) because (a) there is a complete diversity of citizenship—Defendant is a citizen of Canada and Massachusetts and Plaintiff is not a citizen of Canada or Massachusetts—and (b) the amount in controversy exceeds $75,000 exclusive of interest and costs.

12. This Court has personal jurisdiction over Sun Life because Sun Life regularly conducts and transacts business in the State of New York, including having issued and delivered the Policy in the State of New York.

13. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim, including Sun Life's issuance and delivery of the Policy, occurred in this District.

## FACTUAL BACKGROUND

### A. Plaintiff Owns the Policy

14. Plaintiff is the owner and beneficiary of the Policy, which has a face amount of $562,513. The Policy was issued and delivered in the State of New York.

### B. The Policy Is a Universal Life Policy that Allows the Policyholder to Change the Death Benefit Option to Death Benefit Option C After the First Certificate Year

15. Protector Plus policies, including the Policy, are universal life insurance policies ("UL"). Generally, universal life is a form of life insurance also known as "flexible premium" adjustable life insurance. Universal life insurance consists of two distinct components: (1) the life insurance component, for which the insurance company charges a cost to cover the risk of the insured's death (the "cost of insurance" or "COI"); and (2) a savings component, where premiums paid in excess of the COI (and certain other policy charges) accumulate and earn interest at a rate that will not be lower than a minimum "guaranteed interest rate" (generally referred to in the life

insurance industry as the "guaranteed minimum crediting rate" because the interest is "credited" to the policyholder's account).

16. Universal life insurance is designed to give policyholders flexibility, particularly with respect to the payment of premiums. Although there is no fixed monthly premium payment that is due, if the balance in the policy account is insufficient to cover the policy's monthly charges, which includes the cost of the insurance and certain other policy charges, the policy will enter a grace period and lapse unless additional premiums are paid. As long as the policyholder maintains a policy account value sufficient to cover the policy's monthly charges, if the insured dies while the policy is in force, the insurance company must pay the policy's beneficiary (or beneficiaries) the death benefit, which is the amount payable to the beneficiary (or beneficiaries) upon the death of the insured.

17. The Policy offers three Death Benefit Options:

**Death Benefit Option**
The Death Benefit option in effect on the Certificate Date[1] is specified in Section 1. The options are:

**Option A – Specified Face Amount.** The Death Benefit is the greater of:
(1) the Specified Face Amount; or
(2) the Account Value multiplied by the applicable Account Value Percentage shown in Section 2.

**Option B – Specified Face Amount Plus Account Value.** The Death Benefit is the greater of:
(1) the Specified Face Amount plus the Account Value; or
(2) the Account Value multiplied by the applicable Account Value Percentage shown in Section 2.

**Option C – Specified Face Amount Plus Premiums Paid.** The Death Benefit is the greater of:
(1) the Specified Face Amount plus the sum of all Premiums paid for this Certificate; or
(2) the Account Value multiplied by the applicable Account Value Percentage shown in

---

[1] The Certificate Date for the Policy is May 28, 2003. Ex. 1 at 3 (under "1. Certificate Specifications").

Section 2.

Ex. 1 at 14.

18. The Policy also permits "**Changes in the Death Benefit Option**":

> You may change the Death Benefit option *after the first Certificate Year* subject to our administrative rules. The amount of the Death Benefit at the time of change will not be altered, but the change in Death Benefit option will affect the determination of the Death Benefit from that point on. Requests for a change in the Death Benefit option must be made in writing to Our Principal Office. The effective date of the change will be the Anniversary on or next following the date we approve your request.

*Id.* (emphasis added).

19. Thus, the Policy expressly permits the policyowner to "change" the death benefit option after the Policy has been issued. The Policy lists only three conditions for a change: (1) the change needs to occur "after the first Certificate Year"; (2) the change is subject to Sun Life's "administrative rules"; and (3) the request to change the death benefit option must be "made in writing to [Sun Life's] Principal Office." *Id.* There are no other conditions stated in the Policy. *See generally id.* Nothing in the Policy states Death Benefit Option C is only available at issue or that changes to Death Benefit Option C can only be made at issue. *See generally id.* Moreover, Plaintiff is informed and believes, and on that basis alleges, that in light of the Policy's plain language, Sun Life's "administrative rules" did not, at the time Sun Life issued the Policy, prohibit the policyholder from exercising the right to change the death benefit option to Death Benefit Option C after issuance. Regardless, Sun Life cannot use its "administrative rules" to deprive policyholders of their express right to change their policies' death benefit option to Death Benefit Option C "after the first Certificate Year."

C. **Plaintiff Properly Exercised Its Right to Change the Policy's Death Benefit Options to Death Benefit Option C, but Sun Life Improperly Refused to Approve the Request**

20. Plaintiff and the Policy's prior owners have paid Sun Life over four hundred

thousand dollars in premiums since Sun Life issued the Policy in 2003.

21. In or around March 2024, after years of paying all those premiums to Sun Life with the expectation Sun Life would honor its contractual obligations, Plaintiff requested to change the Policy's death benefit option to Death Benefit Option C. Sun Life refused to effect the change. Plaintiff followed up with this request on February 5, 2025. Ex. 2. Sun Life again denied Plaintiff's request to change the Policy's death benefit option to Death Benefit Option C. *See, e.g.*, Exs. 3 & 4.

22. Sun Life's position in response to the requests to change the Policy's death benefit option to Death Benefit Option C directly conflicts with the Policy's plain and unambiguous language. The Policy expressly permits policyholders to change the death benefit option after issuance (i.e., "after the first Certificate Year"), and they do not say anything different about Death Benefit Option C. Moreover, Plaintiff is informed and believes, and on that basis alleges, that in light of the Policy's plain language, Sun Life's "administrative rules" did not, at the time Sun Life issued the Policy, prohibit the policyholder from exercising the right to change the death benefit option to Death Benefit Option C after issuance. Regardless, Sun Life cannot use its "administrative rules" to deprive policyholders of their express right to change their policies' death benefit option to Death Benefit Option C "after the first Certificate Year."

23. Sun Life has not provided any valid justification, and has no valid justification, for refusing to change the Policy's death benefit option to Death Benefit Option C, and Sun Life has materially breached the Policy by failing and refusing to do so.

## CAUSE OF ACTION

### (Breach of Contract)

24. Plaintiff incorporates each and every allegation contained in paragraphs 1 through

23 as if fully set forth herein.

25. The Policy is a binding and enforceable contract.

26. The Policy permits the policyholder to "change the Death Benefit option after the first Certificate Year subject to our administrative rules," including to change to Death Benefit Option C.

27. Plaintiff properly requested to change the Policy's death benefit option to Death Benefit Option C. The request complied with all the Policy's terms.

28. Sun Life refused to change the Policy's death benefit option to Death Benefit Option C, and thereby materially breached the Policy.

29. Plaintiff has performed all obligations under the Policy.

30. As a direct and proximate cause of Sun Life's material breaches of the Policy, Plaintiff has been, and will continue to be, damaged in an amount greater than $75,000 to be proven at trial. Plaintiff is entitled to specific performance as required under the Policy or, alternatively, to compensatory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief and judgment as follows:

1. For an order that Sun Life specifically perform as required under the Policy by accepting the requested change of the Policy's death benefit option to Death Benefit Option C, with an effective date of change being the Anniversary on or next following the date the first request was made; or, in the alternative, for compensatory damages in an amount to be determined at trial;

2. For an award of pre-judgment and post-judgment interest;

3. For the costs of the suit herein incurred, including reasonable attorneys' fees to the

extent permitted by law; and

4. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: April 17, 2025                              ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Aaron M. Rubin*

Aaron M. Rubin
amrubin@orrick.com

Khai LeQuang (*pro hac vice* forthcoming)
klequang@orrick.com
Richard W. Krebs (*pro hac vice* forthcoming)
rkrebs@orrick.com
Joseph M. Jung (*pro hac vice* forthcoming)
jjung@orrick.com

2050 Main Street, Suite 1100
Irvine, CA 92614
Telephone: (949) 567-6700

*Attorneys for Plaintiff DLP Master Trust*